NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JAIME ESPINOZA CUEVAS, *Appellant.*

No. 1 CA-CR 16-0285
FILED 3-30-17

---

Appeal from the Superior Court in Maricopa County
No. CR2013-004867-001
The Honorable Mark H. Brain, Judge

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Consuelo M. Ohanesian
*Counsel for Appellant*

Jaime Espinoza Cuevas, Florence
*Appellant*

------

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

------

**N O R R I S,** Judge:

¶1        Jaime Espinoza Cuevas timely appeals from his conviction and sentence for one count of sexual conduct with a minor, a class 2 felony. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1405(B) (Supp. 2016).[1]After searching the record on appeal and finding no arguable question of law that was not frivolous, Cuevas' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Cuevas to file a supplemental brief *in propria persona*, and Cuevas did so. We reject the arguments raised in Cuevas' supplemental brief and, after reviewing the entire record, find no fundamental error. Therefore, we affirm Cuevas' conviction and sentence as corrected.

### FACTS AND PROCEDURAL BACKGROUND[2]

¶2        In the summer of 2013, when "I.P." was 13 years old, she, along with her best friend "R.J.," spent the night at the house of their best friends—"B.E." (the "older sister") and "B.E." (the "younger sister"). I.P., R.J., the older sister, and the younger sister spent most of the night in the sisters' bedroom on social media and watching movies on I.P.'s laptop. The older sister and the younger sister fell asleep first, before I.P. and R.J.

¶3        I.P. and R.J. fell asleep around 6 a.m. About a half hour later, I.P. woke up when she felt a "sharp pain" in her vagina. She then saw Cuevas, the sisters' father, "squatted down [with] his hand under the blanket" and she could feel his fingers inside her vagina. When Cuevas

------

[1]The Legislature has not materially amended any of the statutes cited in this decision after the date of Cuevas' offense. Thus, we cite to the current version of all statutes in this decision.

[2]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Cuevas. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

realized she was awake, he picked up I.P.'s laptop, tried to lay down between I.P. and the younger sister who was sleeping on the floor next to I.P., said something in Spanish to I.P., then quickly left the room. The three other girls were asleep when these events occurred.

¶4        I.P. unsuccessfully tried to wake up the younger sister. She then woke up R.J. and immediately told her what had just happened. And, when they looked at the door of the bedroom, Cuevas was staring at them through the crack of the door. I.P. stayed at the sisters' house for a few hours waiting for the sisters' mom to come home. R.J. then told I.P. to go home and tell I.P.'s mom what had happened. When I.P.'s mom arrived home, I.P. told her about the incident and I.P.'s mom contacted the police. A few hours later, a forensic nurse conducted a forensic examination of I.P. and "swabbed" DNA evidence from I.P.'s external genital and vagina. A police forensic scientist tested the swabs for DNA and found no DNA "foreign" to I.P.'s DNA.

¶5        A grand jury subsequently indicted Cuevas on count one, sexual conduct with a minor as to the incident with I.P., and on count two, sexual abuse, for allegedly touching his older daughter's breasts.[3] The jury convicted Cuevas on count one, *see supra* ¶ 1, but because the jury was unable to reach a verdict on count two, the superior court dismissed that count without prejudice. The jury also found one aggravating circumstance—that I.P. had suffered physical and emotional harm.

## DISCUSSION

I.    Supplemental Brief

¶6        Cuevas first challenges the sufficiency of the evidence arguing that the State failed to present any "proof[,] [] evidence[,] or DNA [evidence]" to support his conviction for sexual conduct with a minor. In reviewing the sufficiency of the evidence, we determine whether substantial evidence supports the jury's findings, which is "proof that reasonable persons could accept as adequate [] to support a conclusion of [a] defendant's guilt beyond a reasonable doubt." *State v. Kuhs*, 223 Ariz. 376, 382, ¶ 24, 224 P.3d 192, 198 (2010) (quotations and citations omitted).

¶7        Here, I.P. testified that she awoke to pain in her vagina and saw Cuevas with his hand under her blanket. *See supra* ¶ 3. And, I.P. and

_____

[3]After I.P. woke up the older sister at the sleepover, the older sister told I.P., and later told Detective N.E., that Cuevas had touched her breasts a few months before.

R.J. both saw Cuevas looking through the crack in the door of the bedroom while I.P. was telling R.J. what had just happened. Although Cuevas denied the allegations, he admitted to being in his daughters' bedroom, in the bedding area where I.P. and the younger sister had been sleeping, shortly before I.P. and R.J. woke-up.

¶8 Although Cuevas points to the lack of DNA evidence, the forensic nurse who examined I.P. testified that I.P. had marked on the examination form she had engaged in activities, such as wiping and urinating, between the incident and before the examination, which had the "possibility of [wiping] away DNA" evidence. Further, although the forensic nurse testified she did not find signs of physical injury on I.P., she also testified that it is "more common not to see [an] injury" in these types of circumstances.

¶9 Additionally, although the forensic scientist who analyzed the DNA evidence taken from Cuevas' hands and I.P.'s vagina testified that he did not find any foreign DNA on Cuevas' DNA sample or on I.P.'s DNA sample, he further testified that wiping and urinating can remove DNA evidence and "there's lots of variables" in how long DNA stays on a vagina, both internally and externally. He testified that a lack of DNA evidence does not establish whether a person was touched or not touched. Accordingly, based on this record, a reasonable jury could have found beyond a reasonable doubt that Cuevas had committed sexual conduct with a minor. *See* A.R.S. §§ 13-1401(4) (Supp. 2016), -1405(B).

¶10 Second, Cuevas argues his sentence was unduly harsh because he was "given a lot of time and [he is] innocent of what [he] was accused of" and, thus, this court should reduce his sentence or grant a new trial.

¶11 First, any claim of actual innocence must be brought under Arizona Rule of Criminal Procedure 32. *See State v. Denz*, 232 Ariz. 441, 447-48, ¶ 22, 306 P.3d 98, 104-05 (App. 2013) (claims of actual innocence, versus sufficiency of evidence claims, are brought under Ariz. R. Crim. P. 32.1(h)). Second, the superior court gave Cuevas a slightly mitigated sentence of 18 "flat" years' of imprisonment. *See* A.R.S. § 13-705(C) (Supp. 2016) (presumptive 20 years sentence for defendant convicted of sexual conduct with a minor who is thirteen years of age). Accordingly, the sentence was within the prescribed range.

II.      Anders Review

¶12        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Cuevas received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶13        The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of 12 members and the court properly instructed the jury on the elements of the charge, Cuevas' presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, Cuevas was given an opportunity to speak at sentencing and he did. The superior court awarded Cuevas the correct amount of presentence incarceration credit of 786 days, and, as discussed above, *see supra* ¶ 11, his sentence was within the range of acceptable sentences for his offense.

¶14        Although properly sentenced, we note the sentencing minute entry contains an error. The sentencing minute entry states Cuevas was sentenced under A.R.S. § 13-702 (2010). Section 13-702 does not apply here because A.R.S. § 13-1405 specifies that a person convicted of sexual conduct with a minor who is under 15 years of age must be sentenced under A.R.S. § 13-705. We therefore correct the sentencing minute entry to delete the reference to A.R.S. § 13-702.

**CONCLUSION**

¶15        We decline to order briefing and affirm Cuevas' conviction and sentence as corrected.

¶16        After the filing of this decision, defense counsel's obligations pertaining to Cuevas' representation in this appeal have ended. Defense counsel need do no more than inform Cuevas of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

**¶17** Cuevas has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Cuevas 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: JT